# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Morrell K. Woodard,

               Plaintiff,      Case No. 25-13247

v.                             Judith E. Levy
                                  United States District Judge

Belinda Haubenstricker,

                                Mag. Judge Patricia T. Morris
              Defendant.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Plaintiff Morrell K. Woodard, who is confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 concerning his medical care and medical records. (ECF No. 1.) Plaintiff, who is a Type 2 diabetic, alleges that a prison nurse, Defendant Belinda Haubenstricker, improperly diagnosed him with being under the influence of synthetic K2 and unlawfully disclosed his medical records to a corrections officer at the prison in June 2025. (*Id.* at PageID.2.) He asserts that he was denied proper medical care and that the disclosure of his medical records violated his equal protection rights under the Fourteenth Amendment

and the Health Insurance Portability and Accountability Act ("HIPAA"). He seeks monetary damages and other appropriate relief. (*Id.* at PageID.3.) The Court granted Plaintiff leave to proceed without prepaying the filing fee for this action. (ECF No. 5.)

## I.    Analysis

Under the Prison Litigation Reform Act of 1996, the Court may, on its own review, dismiss a complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

Pro se civil rights complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough

3

to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (internal citations and footnote omitted).

To state a claim under § 1983, a plaintiff must allege that (1) they were deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege facts indicating that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333–36 (1986).

### A.    Medical Care Claim

Plaintiff first asserts that Defendant was unqualified to diagnose him and misdiagnosed him as being under influence of synthetic K2, thereby denying him proper medical care. (ECF No. 1, PageID.2.)

The United States Supreme Court has held that the "deliberate indifference to serious medical needs of prisoners constitutes the

unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted). When a prisoner receives some medical care but challenges the adequacy of that care, the prisoner must allege facts showing that the care is "'so grossly incompetent' or so grossly 'inadequate' as to 'shock the conscience' or 'be intolerable to fundamental fairness.'" *Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021) (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). "Accidental harms do not inflict punishment." *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 300 (1991)) (cleaned up). "An official must cause the harm with a sufficiently culpable mental state—in this context, criminal recklessness." *Id.* (citing *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013)).

In this case, Plaintiff does not allege any facts which show that Defendant acted with deliberate indifference or provided care that was so grossly incompetent or inadequate as to shock the conscience or be intolerable to fundamental fairness. Rather, his allegation that he was misdiagnosed amounts, at best, to a claim of medical malpractice or negligence. Medical malpractice, however, does not violate the Eighth

Amendment, *see Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017), and allegations of negligence are insufficient to state a claim under § 1983. *Lewellen v. Metro. Gov't of Nashville & Davidson Cnty.*, 34 F.3d 345, 348 (6th Cir. 1994).

Claims of medical malpractice or negligence, while perhaps actionable under Michigan law, do not provide for relief under Section 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for state law violations. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995). Plaintiff fails to state an Eighth Amendment medical care claim in his complaint.[1]

## B. Equal Protection Claim

Plaintiff asserts that Defendant improperly disclosed his medical records to a prison corrections officer in violation of his equal protection rights. (ECF No. 1, PageID.2.)

---

[1] Plaintiff's state law tort claims are dismissed without prejudice. The Court declines to exercise supplemental jurisdiction over them.

Prisoners and detainees are entitled to equal protection under the law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state an equal protection claim under the Fourteenth Amendment, a plaintiff must plausibly allege that the defendant treated him "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 299 (6th Cir. 2006)). The linchpin of an equal protection claim is that the government has intentionally treated people who are similarly situated in a different manner without a rational basis for the disparate treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ross v. Duggan*, 402 F.3d 575, 587–88 (6th Cir. 2004). A plaintiff must also plead facts allowing for an inference of discriminatory intent or purpose. *City of Cuyahoga Falls v. Buckeye Community Hope Found.*, 538 U.S. 188, 194 (2003); *In re Flint Water Cases*, 384 F. Supp. 3d 802, 846 (E.D. Mich. 2019).

Plaintiff makes no such factual allegations in his pleadings.

7

Prisoners and detainees are not members of a protected class for equal protection purposes. *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005). Plaintiff fails to indicate how he was treated differently from others who were similarly situated with regard to his medical care and medical records. He also fails to plead facts indicating that Defendant acted with any discriminatory intent or purpose. Conclusory allegations are insufficient to state a civil rights claim under § 1983. *Iqbal*, 556 U.S. at 678. Plaintiff fails to state a Fourteenth Amendment equal protection claim in his complaint.

### C.    HIPAA Claim

Lastly, Plaintiff asserts that Defendant improperly disclosed his medical records to a prison corrections officer in violation of his rights under the HIPAA. (ECF No. 1, PageID.2.)

Plaintiff cannot proceed on this claim. HIPAA protects the privacy of personal medical information by limiting its disclosure, and provides civil and criminal penalties for violations, but expressly vests the Secretary of Health and Human Services with enforcement authority. *See* 42 U.S.C. §§ 1320d-5, d-6. If an individual believes that their HIPAA

rights have been violated, the proper recourse is to file a complaint with the Department of Health and Human Services. *Thomas v. University of Tenn. Health Science Ctr. at Memphis*, No. 17-5708, 2017 WL 9672523, at \*2 (6th Cir. Dec. 6, 2017).

The HIPAA does not provide for a private cause of action. *See Faber v. Ciox Health, LLC*, 944 F.3d 593, 596 (6th Cir. 2019) ("HIPAA doesn't authorize a private cause of action."). Plaintiff fails to state a claim upon which relief may be granted as to this issue.

## II.   Conclusion

For the reasons set forth above, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, the Court DISMISSES WITH PREJUDICE his § 1983 and HIPAA claims, and DISMISSES WITHOUT PREJUDICE Plaintiff's state-law tort claims

Lastly, the Court concludes that an appeal from this decision would be frivolous such that it cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). This case is hereby closed.

9

IT IS SO ORDERED.

Dated: April 23, 2026                    s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 23, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

10